# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| JAMES ABRAHAM MATA, | § | |
| Reg. No. 72818-080, | § | |
|     Movant, | § | |
| | § | EP-16-CV-245-PRM |
| v. | § | EP-96-CR-533-PRM-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant James Abraham Mata's [hereinafter "Movant"] "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 194) [hereinafter "Motion"], filed on June 27, 2016, in the above-captioned cause.[1]   Therein, Movant challenged his sentence enhancement under the the Armed Career Criminal Act ("ACCA"). Movant argued that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA as unconstitutionally vague, established a new rule of constitutional law

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-96-CR-533-PRM-1.   Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

retroactively applicable to his case on collateral review.[2] Movant asked the Court "to resentence him without application of the career offender guidelines."[3]

For the reasons discussed below, the Court will dismiss Movant's§ 2255 motion. The Court will additionally deny Movant a certificate of appealability.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 1996, a grand jury indicted Movant for conspiring to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g); and possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The firearm offences stemmed from Movant carrying an unregistered sawed-off shotgun to a drug transaction. Movant pleaded not guilty and proceeded to trial. He was found guilty on all charges by a jury.

A probation officer prepared a presentence investigation report after the trial. She determined that Movant had three prior felony

---

[2] Mot. 4, June 27, 2015, ECF No. 194.

[3] *Id.* at 12.

convictions for burglary of a habitation in El Paso County, Texas.[4]   She noted that, in accordance with Sentencing Guideline § 4B1.4(a),[5] a defendant with three or more prior convictions for a violent felony or a serious drug offense was an armed career criminal—and subject to an enhanced sentence under the ACCA.[6]   She calculated that, based on a total offense level of 34 and a criminal history category of VI, Movant's guidelines imprisonment range was 262 to 327 months.[7]   The probation officer further noted that Sentencing Guideline § 2K2.4(a) required that Movant serve a consecutive sentence of not less than a 120 months for

---

[4] Presentence Investigation Report at ¶¶ 72, 75, 76, Apr. 18, 1997.

[5] *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.4(a) (U.S. SENTENCING COMM'N 1995) ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. 924(e) is an armed career criminal.").

[6] Presentence Investigation Report at ¶ 68.   *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).").

[7] Presentence Investigation Report at ¶ 109.

using and carrying the short-barreled shotgun during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).[8]

The Court accepted the presentence investigation report and sentenced Movant to consecutive sentences of 262 and 120 months' imprisonment in the custody of the Bureau of Prisons.

The Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence on June 26, 1998.[9]

More than fifteen years later, on June 13, 2014, Movant filed his first § 2255 motion.[10] He claimed, among other things, that the Supreme Court recognized a new right in *Descamps v. United States*, 570

---

[8] *Id.* at ¶105, 110. *See* U.S. SENTENCING GUIDELINES MANUAL § 2K2.4(a) (U.S. SENTENCING COMM'N 1995) ("If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. 844(h), 924(c), or 929(a), the term of imprisonment is that required by statute."); 18 U.S.C. § 924 (c)(1)(A) (". . . any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such . . . drug trafficking crime— . . . (B) If the firearm possessed by a person convicted of a violation of this subsection-- (i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years . . .").

[9] *United States v. Mata*, 149 F.3d 1177 (5th Cir. 1998).

[10] Mot. to Vacate, June 3, 2014, ECF No. 173.

U.S. 254 (2013), which applied retroactively to the sentence imposed in his case.[11]

In *Descamps*, the Supreme Court considered whether a prior conviction for burglary under California law was a "crime of violence" that would trigger application of the ACCA. After considering the specific elements of the California offense, the Supreme Court held that the statute lacked an element necessary for categorization as a crime of violence for the purposes of the ACCA.[12] The Supreme Court's opinion did not, however, declare that the holding applied retroactively to cases on collateral review.[13] The Fifth Circuit subsequently held that *Descamps* did not apply retroactively to cases on collateral review.[14] The Court, therefore, dismissed Movant's first § 2255 motion on June 25, 2015.[15]

---

[11] *Id.* at 7.

[12] *Descamps*, 570 U.S. at 277.

[13] *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.").

[14] *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015).

[15] Order of Dismissal, Apr. 24, 2015, ECF No. 181.

Movant filed a second § 2255 motion on September 16, 2015.[16] The Court advised Movant that he "was required to obtain the approval of the Fifth Circuit prior to filing a second or successive motion to vacate sentence."[17]

Movant followed the Court's advice and filed a motion in the Fifth Circuit for authorization to file a successive § 2255 motion challenging his sentence.[18] In the motion, he relied on *Johnson*, which invalidated the ACCA's residual clause in 18 U.S.C. § 924(e)(2)(B) as unconstitutionally vague.[19] Movant argued that the Court erred when it sentenced him as a career offender based on his three prior Texas convictions for burglary of a habitation, which he viewed as violent felonies only under the unconstitutional residual clause.

The Fifth Circuit concluded that Movant had "made 'a sufficient showing of possible merit to warrant fuller exploration by the district

---

[16] Mot. to Vacate, Sept. 16, 2015, ECF No. 185.

[17] Order of Dismissal Without Prejudice, Nov. 13, 2015, ECF No. 190 (citing 18 U.S.C. §§ 2244(b)(3)(A); 2255(h)).

[18] *In re Mata*, No. 16-50394 (5th Cir. June 14, 2016).

[19] *Johnson*, 135 S. Ct. at 2557. *See* 28 U.S.C. § 2255(h)(2); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect[.]").

court.'"[20]   It explained that this grant was "tentative in the sense that if the district court concludes, after a thorough review, that Mata has not satisfied the requirements for filing a successive motion, the district court must dismiss the motion without reaching its merits."[21]

In his third § 2255 motion, Movant contends that the Court improperly enhanced his sentence under the ACCA's residual clause based on his three prior Texas convictions for burglary of a habitation.[22] He relies on *Johnson* and asks the Court to resentence him without the application of the ACCA.[23]

## II.   APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[24]   Accordingly, "[r]elief

---

[20] *In re Mata*, No. 16-50394 at 2 (citing *Reyes-Renquena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)).

[21] *Id.* (citations omitted).

[22] Mot. 4.

[23] *Id.* at 12.

[24] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[25]   Typically, before a court will grant relief pursuant to § 2255, a movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[26]

A § 2255 motion is subject to a one-year limitations period.[27]   A federal prisoner must file a § 2255 motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the

---

[25] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[26] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[27] 28 U.S.C. § 2255(f) (2012).

petitioner could have discovered, through due diligence, the factual predicate for the motion.[28]

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[29]   Equitable tolling is not, however, available for "garden variety claims of excusable neglect."[30]   It "is permitted only 'in rare and exceptional circumstances.'"[31]

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence.[32]   A court may deny a § 2255 motion without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief."[33]   When a

---

[28] *Id.* § 2255(f)(4); *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[29] *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[30] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[31] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[32] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[33] 28 U.S.C. § 2255(b); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not

court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[34] Thus, the Court has "broad and flexible power . . . to fashion an appropriate remedy."[35]

With these principles in mind, the Court will address Movant's claim.

## III. ANALYSIS

A jury found Movant guilty of drug trafficking and various firearms offenses. The Court enhanced Movant's sentence under the ACCA

---

necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[34] 28 U.S.C. § 2255(b).

[35] *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

based on his three prior state-court convictions for burglary of a habitation.

In his § 2255 motion, Movant maintains the Court improperly enhanced his sentence under the ACCA's residual clause.[36]   He relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and asks the Court to resentence him without the application of the ACCA.[37]   However, as the Court will explain, *Johnson* is inapplicable to Movant's sentence.

Federal law prohibits felons from possessing firearms.[38]   A felon found in possession of a firearm is subject to imprisonment for up to ten years.[39]   But under the ACCA, a felon found in possession of a firearm with three prior convictions for "violent felonies" or "serious drug offenses" must be imprisoned for 15 years and may be imprisoned for life.[40]   The Act defines violent felony at 18 U.S.C. § 924(e)(2)(B) as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a

---

[36] Mot. 4.

[37] *Id.* at 12.

[38] 18 U.S.C. § 922(g)(1).

[39] *Id.* § 924(a)(2).

[40] *Id.* § 924(e).

firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> **(ii)** is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . .[41]

Clause (i) is known as the "elements clause."[42] The first portion of clause (ii) is described as the "enumerated crimes clause."[43] The italicized portion of clause (ii) is referred to as the "residual clause."

In *Johnson*, the Supreme Court concluded that the residual clause definition of violent felony in the ACCA is unconstitutionally vague.[44] The Supreme Court explicitly noted in *Johnson* that its decision "does not call into question application of the Act to . . . the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force

---

[41] *Id.* § 924(e)(2)(B).

[42] *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016).

[43] *Johnson*, 135 S. Ct. at 2558.

[44] *Id.* at 2563.

against the person of another," and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives."[45]  Thus, the holding in *Johnson* applies only to the residual clause definition of "violent felony."  The Supreme Court adds in *Welch v. United States*, 136 S. Ct. 1257 (2016), that "*Johnson* . . . has retroactive effect[.]"[46]

"[A]n offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant."[47]  The Texas burglary statute, Texas Penal Code § 30.02(a), has three subsections:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

---

[45] *Id.*

[46] *Welch*, 136 S. Ct. at 1268.

[47] *Taylor v. United States*, 495 U.S. 575, 602 (1990).

13

> (3) enters a building or habitation and commits or
> attempts to commit a felony, theft, or an assault.[48]

The Fifth Circuit "has held an offense under § 30.02(a)(1) qualifies as generic burglary."[49]

The record in this long-closed case shows that, at the time of Movant's sentencing, he had four prior burglary convictions:

1.  A June 10, 1991, conviction for burglary of a habitation in the 205th Judicial District Court of El Paso County, Texas, in Cause Number 55052. According to the investigative report, El Paso Police officers responded to a report of a burglary on March 16, 1989. Upon arriving at the scene, the officers met the complainant who advised them that several individuals, one later identified as Movant, had gained entry into his home by kicking through the bottom portion of the rear door. After gaining entry, Movant and the others went to the master bedroom where they took four rifles, six gold rings, and five gold neck chain. The police later found the firearms concealed under a pop-up tent trailer in Movant's back yard.[50]

2.  A June 10, 1991, conviction for burglary of an auto in the 205th Judicial District Court of El Paso County, Texas, in Cause Number 59373. According to the investigative report, El Paso Police officers were dispatched on September 1, 1990, to a reported burglary of an auto in progress. Upon their arrival, the officers observed

---

[48] Tex. Penal Code Ann. § 30.02.

[49] *United States v. Madrid-Martinez*, 695 F. App'x 743, 745 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 645 (2018) (citing *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014)).

[50] Presentence Investigation Report at ¶ 72, Apr. 18, 1997.

Movant flee on foot. The officers interviewed a witness who reported he saw Movant pry open a vent window and remove two speakers from the vehicle.[51]

3. A June 10, 1991, conviction for burglary of a habitation in the 205th Judicial District Court of El Paso County, Texas, in Cause Number 60996. According to the investigative report, El Paso Police officers were dispatched on February 16, 1991, after they received information on a burglary. When they arrived at the scene, the officers met with the complainant and her housekeeper who advised them that someone had entered the home and taken a VCR, CD radio cassette recorder, Walkman cassette player, gold coin, wedding band with diamonds, and four gold chains. After Movant's arrest on unrelated charges, he admitted to this allegation.[52]

4. A June 10, 1991, conviction for burglary of a habitation in the 205th Judicial District Court of El Paso County, Texas, in Cause Number 61391. According to the investigative report, El Paso Police officers were dispatched on December 4, 1990, to investigate a reported burglary of a habitation. Upon arrival, the complainant told them that the burglary had occurred earlier in the day. The complainant explained someone had gained entry by kicking in the panel of a solid wood door and unlocking it. After ransacking the house, the individual took away two VCRs, a typewriter, assorted videotapes, a Nintendo, and a small rack stereo. After Movant's arrest on unrelated charges, he admitted to this allegation.[53]

---

[51] *Id.* at ¶ 73.

[52] *Id.* at ¶ 75.

[53] *Id.* at ¶ 76.

Thus, at least three of Movant's prior burglary offenses were in violation of Texas Penal Code § 30.02(a)(1).

The Court accordingly enhanced Movant's sentence based on the three prior convictions for of burglary under the enumerated offense clause, and not on any prior convictions that may have fallen within the residual clause of § 924(e)(2)(B)(ii). As a result, *Johnson* does not apply to Movant's sentence.

Further, Movant's § 2255 Motion is time barred. As the Court noted above, a § 2255 motion is subject to a one-year limitations period, which, in most cases, begins to run when the judgment becomes final.[54] In this case, Movant timely appealed his sentence, and the Fifth Circuit affirmed the Court's judgment on June 26, 1998.[55] Movant did not pursue further direct appeals. Thus, his conviction became final on September 24, 1998, when the ninety-day period for filing a petition for writ of certiorari expired.[56] Movant's time period for filing a § 2255

---

[54] 28 U.S.C. § 2255(f)(1).

[55] *Mata*, 149 F.3d 1177.

[56] *See* Sup. Ct. R. 13 ("The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed."); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the

motion within one year after his conviction became final expired on September 24, 1999. Movant filed his motion on June 17, 2016.[57] Thus, he filed his § 2255 motion over sixteen years beyond the deadline.

As the Court noted above, § 2255's limitations period can be extended if a habeas petitioner seeks relief based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[58] In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court recently revisited the process by which a district court determines, for the purposes of the ACCA, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in § 924(e)(2)(B)(ii).[59] Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated

---

availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

[57] Mot. 1.

[58] 28 U.S.C. § 2255(f)(3).

[59] *Mathis*, 136 S. Ct. at 2247–57.

offense.[60]  In *Mathis*, the Court reaffirmed this approach, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition."[61]  The Supreme Court concluded that if the elements of the state law crime were broader than the generic version of an enumerated federal offense, then the state-law conviction could not serve as a predicate for career offender status under the ACCA.

In light of *Mathis*, the Fifth Circuit determined in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), that "Texas Penal Code §§ 30.02(a)(1) and (a)(3) are indivisible,"[62] and that § 30.02(a)(3) "is broader than the ACCA's generic definition" of burglary.[63] Consequently, the Fifth Circuit concluded a Texas burglary conviction under § 30.02 is no longer considered a generic "burglary" under the ACCA.[64]  Thus, if Movant were sentenced after *Mathis* and *Herrold*

---

[60] *Id.* at 2257.  *See also Taylor*, 495 U.S. at 599.

[61] *Mathis*, 136 S. Ct. at 2257.

[62] *Herrold*, 883 F.3d at 523.

[63] *Id.* at 531.

were decided, his prior burglary convictions may not have subjected him to an enhancement under the ACCA.

However, courts have consistently held that *Mathis* did not set forth a new rule of constitutional law and is not retroactively applicable.[65]   Indeed, the Supreme Court explicitly stated in *Mathis* that its decision did not announce a new rule; its decision was dictated by decades of prior precedent.[66]   The Court therefore finds that Movant's § 2255 motion is time barred and, because his case presents no rare and exceptional circumstances, that he is not entitled to equitable tolling.

Although the statute of limitations is typically considered an affirmative defense, a district court may raise the defense on its own motion and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[64] *Id.* at 537.

[65] *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding *Mathis* did not announce a new rule that would allow a second or successive habeas petition); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule.").

[66] *Mathis*, 136 S. Ct. at 2257

petitioner is not entitled to relief in the district court."[67]   In general, a district court may not dismiss a motion as untimely on its own initiative unless a movant first has fair notice and an opportunity to respond. [68]

In this case, however, the Court finds that even if Movant had timely filed his motion, the Court would not have granted him relief on the merits of his claim.   Simply stated, the Court properly applied the controlling law at the time of Movant's sentencing, and the subsequent decisions in *Mathis* and *Herrold* are not retroactively applicable to Movant's case on collateral review.   Under these circumstances, granting Movant an opportunity to explain the delay in filing his § 2255 motion is unnecessary.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[69]   "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

[67] *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

[68] *Day v. McDonough*, 547 U.S. 198, 210 (2006).

[69] 28 U.S.C. § 2253(c)(1)(B) (2012).

20

constitutional right."[70]   To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[71]

In this case, neither *Johnson* nor *Mathis* provides a basis for the relief that Movant seeks.   Reasonable jurists could neither debate the denial of Movant's § 2255 motion on procedural or substantive grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.[72]   Accordingly, the Court will not issue a certificate of appealability.[73]

---

[70] *Id.* § 2253(c)(2).

[71] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

[72] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

[73] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## V.  CONCLUSION AND ORDERS

The Supreme Court in *Johnson* held only that the ACCA's residual clause was unconstitutionally vague and specifically explained that its "decision d[id] not call into question application of the [ACCA] to the four enumerated offenses," which included burglary.[74]  The Court applied the ACCA to Movant's case based on his three prior convictions for the enumerated offense of burglary.  Thus, *Johnson* does not afford Movant the relief he seeks.  Moreover, because *Mathis* did not announce a new rule retroactively applicable to cases on collateral review, Movant cannot rely on it to provide him relief in a § 2255 motion.  Accordingly, the Court concludes that it must dismiss Movant's § 2255 motion.  The Court further concludes that Movant is not entitled to a certificate of appealability.  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Movant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 194) and his civil cause are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

---

[74] *Johnson*, 135 S. Ct. at 2563.

**IT IS ALSO ORDERED** that all other pending motions are

**DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE**

this case.

**SIGNED** on this _____2_____ day of _July_, 2018.


PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE